UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:25-CV-00039-HBB

CHARLES C.[1]                                                              PLAINTIFF

VS.

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY                                                          DEFENDANT

## MEMORANDUM OPINION AND ORDER

### I.    BACKGROUND

Before the Court is the Complaint (DN 1) of Charles C. ("Plaintiff") seeking judicial review

of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g).   Both the Plaintiff (DN

12) and Defendant (DN 14) have filed a Fact and Law Summary.   Plaintiff did not file a Reply.

For the reasons that follow, the final decision of the Commissioner is **AFFIRMED**.

Pursuant to 28 U.S.C. § 636(c) and FED. R. CIV. P. 73, the parties have consented to the

undersigned United States Magistrate Judge conducting all further proceedings in this case,

including issuance of a memorandum opinion and entry of judgment, with direct review by the

Sixth Circuit Court of Appeals in the event an appeal is filed (DN 10).   By Order entered July 17,

2025 (DN 11), the parties were notified that oral arguments would not be held unless a written

request therefor was filed and granted.   No such request was filed.

### II.    FINDINGS OF FACT

On July 12, 2022, Plaintiff filed an application for Disability Insurance Benefits (Tr. 158-

---

1  Pursuant to General Order 22-05, Plaintiff's name in this matter was shortened to first name and last initial.

60, 163-64).    Plaintiff alleged that he became disabled on March 26, 2021, as a result of numbness

and loss of grip strength bilaterally in the hands, back pain, knee pain, neck pain, and anxiety (Tr.

190-200).    The application was denied initially on February 3, 2023, and upon reconsideration

on July 19, 2023 (Tr. 59-66, 67-75).    On August 7, 2023, Plaintiff requested a hearing before an

Administrative Law Judge ("ALJ") (Tr. 93-94).

On December 13, 2023, ALJ Dennis Hansen conducted a telephonic hearing (Tr. 17-31).

Plaintiff and his attorney, Nathan Bishop, participated in the hearing (Tr. 17).    William R.

Harpool, an impartial vocational expert, testified at the hearing (*Id.*).    In a decision dated May 16,

2024, ALJ Hansen evaluated this adult disability claim pursuant to the five-step sequential

evaluation proves promulgated by the Commission (Tr. 17-31).    The ALJ noted that Plaintiff met

the insured status requirements of the Social Security Act through December 31, 2024 (Tr. 19).

At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity

since March 26, 2021 (*Id.*).    At the second step, the ALJ determined that Plaintiff has the

following severe impairments: arthritis, carpal tunnel syndrome, degenerative changes in the spine,

left knee post medial meniscus tear and arthroscopic surgery, obesity, neuropathy in the elbow,

generalized anxiety disorder, and unspecified depressive disorder (*Id.*).    The ALJ concluded that

Plaintiff has the following non-severe impairments: hypertension, GERD, tobacco abuse, and

alcohol abuse (*Id.*).    At the third step, the ALJ concluded that Plaintiff does not have an

impairment or combination of impairments that meets or medically equals one of the listed

impairments in Appendix 1 (Tr. 20).

At step four, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to

perform light work as defined in 20 C.F.R. § 404.1567(b) except he can occasionally climb ramps

and stairs; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally reach overhead; can occasionally be exposed to extreme cold and vibration; can frequently handle; can never climb ladders, ropes, or scaffolds; can never be exposed to unprotected heights; can understand and remember simply instructions; can sustain attention and concentration to complete simply tasks; can interact as needed with supervisors, occasionally interact with coworkers, but not interact with the public; and can adapt to occasional work place changes that are gradually introduced (Tr. 22-23).   The ALJ found that Plaintiff cannot perform any past relevant work (Tr. 29).

At step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, he can perform jobs that exist in significant numbers in the national economy (Tr. 29-30).   Therefore, the ALJ concluded that Plaintiff has not been under a disability from March 26, 2021, through the date of the decision (Tr. 30).   Plaintiff filed a request for the Appeals Council to review the ALJ's decision, but the Appeals Council denied Plaintiff's request (Tr. 1-3).

### III.    CONCLUSIONS OF LAW

#### A.    Standard of Review

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. § 405(g); *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993); *Wyatt v. Sec'y of Health & Hum. Servs.*, 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied.   *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 213 (6th Cir. 1986).   "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."   *Cotton*, 2 F.3d at 695 (quoting *Casey v.*

*Sec'y of Health & Hum. Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993)).    In reviewing a case for

substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence,

nor decide questions of credibility."    *Cohen v. Sec'y of Health & Hum. Servs.*, 964 F.2d 524, 528

(6th Cir. 1992) (quoting *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)).

When the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr.

1-3), the ALJ's decision became the final decision of the Commissioner.    20 C.F.R. §§

404.955(b), 404.981, 422.210(a); *see* 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Thus, the Court reviews the ALJ's decision and the evidence that was in the administrative record

when the ALJ rendered the decision.    42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Cline v. Comm'r*

*of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).

### B.    The Commissioner's Sequential Evaluation Process

The Social Security Act authorizes payment of Disability Insurance Benefits to persons

with disabilities.    42 U.S.C. §§ 401 et seq.    The term "disability" is defined as an

> [I]nability to engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result in
> death or which has lasted or can be expected to last for a continuous period of not
> less than 12 months[.]

42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a); *Barnhart v. Walton*, 535 U.S. 212, 214 (2002).

The Commissioner has promulgated regulations setting forth a five-step sequential

evaluation process for evaluating a disability claim.    *See* "Evaluation of disability in general," 20

C.F.R. § 404.1520.    In summary, the evaluation proceeds as follows:

> 1)    Is the claimant engaged in substantial gainful activity?
>
> 2)    Does the claimant have a medically determinable impairment or
> combination of impairments that satisfies the duration requirement and
> significantly limits his or her ability to do basic work activities?

3)      Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4)      Does the claimant have the RFC to return to his or her past relevant work?

5)      Does the claimant's RFC, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

20 C.F.R. § 404.1520(a)(4)(i)-(v).

### C.      Persuasiveness of APRN Birkhead's Medical Opinion

*1.  Arguments of the Parties*

Plaintiff avers that the ALJ did not properly weigh the persuasiveness of APRN Birkhead's medical opinion (DN 12-1 PageID # 1279).   Plaintiff believes that the ALJ "mischaracterized APRN Birkhead's records" to find the opinion not supported by the objective medical evidence (*Id.* at PageID # 1279-80).

In response, Defendant avers that the ALJ properly found APRN Birkhead's opinion unpersuasive because it was not supported by APRN Birkhead's own treatment records and inconsistent with the evidence in the record (DN 14 PageID # 1293-97).

*2.  Applicable Law*

ALJs will evaluate the "persuasiveness" of medical opinions and prior administrative medical findings by utilizing the five factors listed in paragraphs (c)(1) through (c)(5) of the regulation.   20 C.F.R. § 404.1520c(a) and (b).   The five factors are supportability, consistency, relationship with the claimant, specialization, and other factors.   20 C.F.R. § 404.1520c(c)(1)-(5).[2]   Of these five factors, the two most important are supportability and consistency.   20 C.F.R.

---

2  In assessing the relationship with the client, consideration is given to length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and examining

§ 404.1520c(a) and (b)(2).    Further, the regulation requires ALJs to explain how they considered

the supportability and consistency factors in determining the persuasiveness of the medical

source's opinion.    20 C.F.R. § 404.1520c(b)(2).    Notably, under the regulations ALJs "may, but

are not required to, explain how" they considered the three other factors in determining the

persuasiveness of the medical source's opinion.    20 C.F.R. § 404.1520c(b)(2).

### 3.  Discussion

Plaintiff believes that the medical evidence of record supports Plaintiff's claim that he

suffers from severe ulnar neuropathy in his wrist and elbow, thus APRN Birkhead's medical

opinion adopting strict limitations is persuasive (DN 12-1 PageID # 1280).    Plaintiff's argument

fundamentally disagrees with the ALJ's conclusion and does not attack the ALJ's discussion of

supportability and consistency in evaluating APRN Birkhead's medical opinion.    Thus, the

undersigned reviews the ALJ's conclusion that APRN Birkhead's medical opinion is unpersuasive

for substantial evidence.    "Substantial evidence exists when a reasonable mind could accept the

evidence as adequate to support the challenged conclusion, even if that evidence could support a

decision the other way."    *Cotton*, 2 F.3d at 695 (quoting *Casey v. Sec'y of Health & Hum. Servs.*,

987 F.2d 1230, 1233 (6th Cir. 1993)).    Substantial evidence is a relaxed standard, so while

Plaintiff may cogently synthesize the record to find APRN Birkhead's opinion to be persuasive,

the ALJ's finding to the contrary does not constitute error.

To begin, the ALJ summarized APRN Birkhead's opinion as:

> In a question and answer type interview with claimant's representative on
> November 14, 2023, Dianne Birkhead, APRN who works at Main Street Medicine,
> claimant's primary care clinic, claimed that claimant is markedly limited in his
> ability to sustain concentration and persistence in pace, interact socially with the

---

relationship.    20 C.F.R. § 404.1520c(c)(3)(i)-(v).

general public, coworkers, or supervisors, and adapt or manage himself. She described his neuropathy as incapacitating. Ms. Birkhead estimated that claimant can lift ten to twenty pounds. She specified that she though [sic] claimant could lift twenty pounds once a day. Ms. Birkhead indicated that claimant would not be able to use a keyboard, commenting that "his fine motor is moot." She opined that claimant could put batteries in a remote, but that she did not know how long he would be able to do that. Ms. Glenn-Birkhead concluded that claimant can only stand or walk for ten to twenty minutes at a time. She indicated that claimant can only sit for twenty to thirty minutes at a time before he needed to get up. Ms. Glenn-Birkhead assessed that clamant [sic] would periodically miss work on a regular basis. She declined to estimate how frequently this would occur, remarking that she did not "even think he could show up" to work (Exhibit 34F, pp. 3–6).

(Tr. 28).[3]   Plaintiff believes that the ALJ ignored evidence supporting APRN Birkhead's opinion that his neuropathy is "incapacitating" (*Id.*). The ALJ detailed his findings as to supportability:

This opinion is not persuasive. First, her findings appear to be based on claimant's subjective reports, rather than her independent assessment of the objective medical evidence. Second, her findings are inconsistent with claimant's statements concerning his physical and mental functioning. Mentally, Ms. Birkhead assessed that claimant is markedly limited in his ability to sustain concentration and persistence in pace, interact socially with the general public, coworkers, or supervisors, and adapt or manage himself (Exhibit 34F, p. 3). However, claimant reported that he can pay attention until he gets stressed and that he can usually finish what he starts in a function report completed on August 3, 2022 (Exhibit 5E, p. 6). In addition, he indicated that he has no problems getting along with family, friends, and neighbors. Claimant characterized his ability to get along with authority figures as fair (Exhibit 5E, pp. 5–6).

(*Id.*). "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520c(c)(1). Here, the ALJ determined that there is little support in the record for her opinion, because her opinion is "based on claimant's subjective reports, rather

---

3 Plaintiff refers to APRN Dianne Birkhead as "APRN Birkhead" (DN 12-1 PageID # 1279) and the ALJ largely does the same, but occasionally also refers to her as "Ms. Glenn-Birkhead" (*see* Tr. 28). In some places, her last name is hyphenated: "Dianne Glenn-Birkhead" (*see* Tr. 917, 1099). To clarify, the ALJ refers to the same person.

than her independent assessment of the objective medical evidence" (Tr. 28).    For example, the

ALJ found APRN Birkhead's opinion that Plaintiff is markedly limited in his mental abilities,

including sustaining concentration, was not supported by Plaintiff's August 2022 report that he

can usually finish tasks he begins and can pay attention until he gets stressed (*Id.*) (citing Tr. 216-

17).    While Plaintiff states that "objective evidence continued to reveal neuropathy in Plaintiff's

wrist and elbow" there is no citation or reference to a piece of evidence (DN 12-1 PageID # 1280).

> As to consistency, the ALJ determined:
>
> Ms. Birkhead's findings also are not consistent with the medical evidence
> concerning claimant's physical impairments and mental health issues.    Notably,
> Ms. Birkhead's own treatment records provide remarkably little support for the
> limitations she assessed.    For instance a treatment record dated August 21, 2023
> indicates that claimant's gait was observed to be normal and that normal psychiatric
> findings were observed.    No abnormal neurological findings were documented in
> that note (Exhibit 33F, p. 12).    While a treatment note from June 26, 2023 suggests
> that claimant presented as anxious, his gait was normal and no abnormal
> neurological findings were documented (Exhibit 33F, p. 8).    A note dated June 20,
> 2023 documents that claimant's gait was normal and normal psychiatric clinical
> findings.    However, weakness in claimant's right hand was noted (Exhibit 33F, p.
> 6).    A note dated May 2, 2023 documented similar findings (Exhibit 33F, p. 4).
> Finally, the psychiatric findings that Dr. Sigler observed during her consultative
> psychiatric evaluation on January 24, 2023 are not remotely consistent with the
> severity of mental limitations that Ms. Birkhead assessed (Exhibit 20F, pp. 4–5)
> and Ms. Birkhead's statement is not consistent with the close to normal mental
> status findings at Mountain Comprehensive Care, the mental health treatment
> specialists who assessed the claimant with generally normal mental status findings
> as detailed above (Exhibit 36F)[.] [sic]

(Tr. 28-29).    "The more consistent a medical opinion(s) or prior administrative medical finding(s)

is with the evidence from other medical sources and nonmedical sources in the claim, the more

persuasive the medical opinion(s) or prior administrative medical finding(s) will be."    20 C.F.R.

§ 404.1520c(c)(2).    As the ALJ found here, APRN Birkhead's opinion is not consistent with

several specific pieces of evidence, which the ALJ cited.    Plaintiff asserts that the ALJ

"mischaracterized the evidence" but fails to cite any specific piece or evidence or add any

substance beyond the bare assertion (DN 12-1 PageID # 1281).    Thus, the ALJ properly evaluated

supportability and consistency, supported by substantial evidence.    20 § C.F.R. 404.1520c(b)(2).

Plaintiff further avers that the ALJ should have considered the relationship between

provider and claimant and the specialization of the medical provider (DN 12-1 PageID # 1280).

First, an ALJ "may, but [is] not required to, explain how" factors beyond supportability and

consistency in their determination.    20 § C.F.R. 404.1520c(b)(2).    Second, Plaintiff has offered

no further explanation as to how consideration of these two factors should have changed the ALJ's

determination (DN 12-1 PageID # 1280).    APRN Birkhead has treated Plaintiff for over fifteen

years (Tr. 1099).    The ALJ's analysis of supportability and consistency encompassed the

relationship between APRN Birkhead and Plaintiff because the ALJ found no support in the record,

including in the many years of treatment records from APRN Birkhead.    Plaintiff has also offered

no evidence that APRN Birkhead "has received advanced education and training to become a

specialist" relative to other medical opinions in the record.    20 § C.F.R. 404.1520c(c)(4).

Rather, APRN Birkhead appears to be a general practitioner who provided routine care to Plaintiff

for his mental and physical ailments (*See* Tr. 530-563, 1098-1103).[4]    In sum, because the ALJ

properly considered and articulated supportability and consistency in finding APRN Birkhead's

opinion unpersuasive, Plaintiff's argument that the ALJ erred by failing to further consider the

relationship between provider and claimant and specialization does not defeat the ALJ's ultimate

determination.

The undersigned finds that the ALJ properly determined that APRN Birkhead's opinion is

unpersuasive, and that it is supported by substantial evidence and comports with applicable law.

---

4  APRN Birkhead referred him to a specialist for treatment for his hand issues and neuropathy, lending support that
she is not a specialist at least in the area of neuropathy (Tr. 1103).

### D.    Listing 11.14(A) and Plaintiff's Peripheral Neuropathy

#### 1.  Arguments of the Parties

Plaintiff avers that because Plaintiff meets and/or equals listing 11.14(A) for his peripheral neuropathy, the ALJ erred by failing to so find (DN 12-1 PageID # 1281).

Defendant responds that Plaintiff has not met his burden of proving his meets or medically equals a listing (DN 14 PageID # 1290) (citing *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001)). Defendant further believes that the ALJ satisfied the minimal burden at step three of articulating that Plaintiff does not meet any listing (*Id.* at PageID # 1290-91).    Finally, Defendant points out that Plaintiff has not cited any evidence in support, and neither does any medical opinion in the record support his argument that his condition meets or medically equals a listing, when the ALJ must rely on a medical opinion to so find (*Id.* at PageID # 1292-93).

#### 2.  Applicable Law

At the third step, a claimant will be found disabled if his impairment meets or medically equals one of the listings in the Listing of Impairments.    20 C.F.R. § 404.1520(a)(4)(iii); *Turner v. Comm'r of Soc. Sec.*, 381 F. App'x 488, 491 (6th Cir. 2010).    The Listing of Impairments, set forth in Appendix 1 to Subpart P of the regulations, describes impairments the Social Security Administration considers to be "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."    20 C.F.R. § 404.1525(a).

Each listing specifies "the objective medical and other findings needed to satisfy the criteria of that listing."    20 C.F.R. § 404.1525(c)(3).    A claimant must satisfy all the criteria to "meet" the listing and be deemed disabled.    *See* 20 C.F.R. § 404.1525(c)(3) and (d); *Hale v. Sec'y of Health & Hum. Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987).    A claimant is also deemed disabled

if her impairment is the medical equivalent of a listing.    20 C.F.R. § 404.1520(a)(4)(iii); *Turner*, 381 F. App'x. at 491.    Medical equivalence means "at least equal in severity and duration to the criteria of any listed impairment."    20 C.F.R. § 404.1526(a).    "An [ALJ] must compare the medical evidence with the requirements for listed impairments in considering whether the condition is equivalent in severity to the medical findings for any Listed Impairment."    *Reynolds v. Comm'r Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011).    The ALJ looks to the opinions of the state agency medical advisors and the opinion of a testifying medical expert for guidance on the issue of whether the claimant's impairment is the medical equivalent of a listing.    *See* 20 C.F.R. § 404.1526(c) and (d); Social Security Ruling 17-2p, 2017 WL 3928306, at *3-4 (March 27, 2017); *Deters v. Sec'y of Health, Educ. & Welfare*, 789 F.2d 1181, 1186 (5th Cir. 1986).

When the record "'raise[s] a substantial question as to whether [the claimant] could qualify as disabled' under a listing, the ALJ should discuss that listing."    *Sheeks v. Comm'r Soc. Sec.*, 544 F. App'x 639, 641 (6th Cir. 2013) (quoting *Abbott v. Sullivan*, 905 F.2d 918, 925 (6th Cir. 1990)).    Notably, the ALJ is required to actually evaluate the evidence, compare it to the applicable listing, "and give an explained conclusion, in order to facilitate meaningful judicial review."    *Reynolds*, 424 F. App'x at 416.    If an ALJ offers nothing to support his or her conclusions at step three, the reviewing court cannot assess whether the ALJ's decision is based on substantial evidence.    *See Combs v. Colvin*, No. 15-104-DLB, 2016 WL 1301123, at *4 (E.D. Ky. April 1, 2016) (citing *Reynolds*, 424 F. App'x at 416; *James v. Colvin*, No. 3:11-CV-640-S, 2013 WL 4096977, at *8 (W.D. Ky. Aug. 13, 2013)).    Thus, such an omission at step three may constitute reversible error.    *Id.*

*3. Discussion*

Plaintiff's argument is encompassed in this brief statement:

> Additionally, Plaintiff meets and/or equals listing 11.14(A) regarding peripheral
> neuropathy, which requires disorganization of motor function in two extremities
> resulting in an extreme limitation in the ability to use the upper extremities.
> Plaintiff has objective evidence of said disorganization prior to and after surgical
> intervention.   Approval pursuant to a listing must be directed.

(DN 12-1 PageID # 1281).   Plaintiff provided no citations in support of his argument (*See id.*).

An "ALJ need not discuss listings that the applicant clearly does not meet" unless "the record

raises a substantial question as to whether the claimant could qualify" under the listing.   *Sheeks*,

544 F. App'x at 641 (citation modified).   Here, the ALJ discussed and rejected that Plaintiff's

mental impairments met listings 12.04 and 12.06 for depressive and anxiety disorders (Tr. 20-22).

The ALJ did not discuss whether Plaintiff's neuropathy met or equaled a listing.   To determine if

a substantial question is raised,

> "A claimant must do more than point to evidence on which the ALJ could have
> based his finding to raise a 'substantial question' as to whether he satisfied a
> listing." *Smith-Johnson v. Comm'r of Soc. Sec.*, 579 F. App'x 426, 432 (6th Cir.
> 2014) (quoting *Sheeks*, 544 F. App'x at 641-42).   "Rather, the claimant must point
> to specific evidence that demonstrates he reasonably could meet or equal every
> requirement of the listing." *Id.* (citing *Sullivan v. Zebley*, 493 U.S. 521, 530, 110
> S. Ct. 885, 107 L. Ed. 2d 967 (1990)).   "Absent such evidence, the ALJ does not
> commit reversible error by failing to evaluate a listing at Step Three." *Id.* at 433.

*Pasiak v. Comm'r of Soc. Sec.*, 800 F. App'x 301, 304-05 (6th Cir. 2019).   Because Plaintiff has

not pointed to any specific evidence that raises a substantial question that his neuropathy meets or

equals a listing, the ALJ's omission of discussing that listing is not error.   *See id.*

### E.    Plaintiff's Remaining Arguments

*1. Arguments of the Parties*

In Plaintiff's "Fact and Law Summary" he listed seven grounds for review: (1) "ALJ erred

in failing to find that Plaintiff met a listing"; (2) "ALJ erred in failing to support the residual

functional capacity finding with substantial evidence"; (3) "ALJ erred in failing to include proper

limitations in the residual functional capacity finding regarding Plaintiff's limited use of his hands,

fine motor skills, and grip strength"; (4) "ALJ erred in failing to afford Plaintiff's treating physician

opinion proper persuasiveness"; (5) "ALJ erred in misrepresenting and/or mischaracterizing

Plaintiff's objective medical evidence which supports the treating physician's opinion"; (6) "ALJ

erred in finding Plaintiff's testimony to be inconsistent with the evidence of record"; and (7) "ALJ

erred in failing to find that the combination of Plaintiff's impairments rendered him disabled and

unable to engage in substantial activity" (DN 12 PageID # 1274).

Defendant responds that, beyond Plaintiff's claims that the ALJ improperly found his

impairments did not meet a listing and that the ALJ failed to properly weigh APRN Birkhead's

medical opinion for persuasiveness, the rest of his arguments should be considered waived because

he has not developed them (DN 14 PageID # 1288-89).

    *2. Applicable Law*

It is well-established that "issues adverted to in a perfunctory manner, unaccompanied by

some effort at developed argumentation, are deemed waived."  *United States v. Layne*, 192 F.3d

556, 566-67 (6th Cir.1999) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir.1997));

*see also Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir.1995) (observing that "[w]e consider

issues not fully developed and argued to be waived."); *Rice v. Comm'r of Soc. Sec.*, 169 F. App'x

452, 453 (6th Cir. 2006).

*3. Discussion*

Beyond Plaintiff's two arguments that the ALJ erred in finding that he did not meet listing 11.14(A) and failing to properly consider the persuasiveness of APRN Birkhead's medical opinion, the undersigned agrees with Defendant that there is no development of his remaining arguments.    Plaintiff's sixth ground, that the "ALJ erred in finding Plaintiff's testimony to be inconsistent with the evidence of record" is not developed in Plaintiff's brief (DN 12-1 PageID # 1279-81).    Plaintiff referenced his testimony in the introduction and fact sections of his brief, but there is no development of this argument elsewhere (*See id.* at Page ID # 1276-82).    Plaintiff's second and third grounds, that the "ALJ erred in failing to support the residual functional capacity finding with substantial evidence" and that the "ALJ erred in failing to include proper limitations in the residual functional capacity finding regarding Plaintiff's limited use of his hands, fine motor skills, and grip strength" are also undeveloped in his brief (*Id.* at PageID # 1274).    Plaintiff provides no additional explanation or synthesis of his arguments, including no citations to the record beyond those in his fact section (*Id.* at PageID # 1278-81).

Further, some of Plaintiff's grounds for argument seem to overlap: ground four that the "ALJ erred in failing to afford Plaintiff's treating physician opinion proper persuasiveness" and ground five that the "ALJ erred in misrepresenting and/or mischaracterizing Plaintiff's objective medical evidence which supports the treating physician's opinion" (*Id.* at PageID # 1274). Grounds four and five appear to reference APRN Birkhead's medical opinion, as no other medical opinion is mentioned in Plaintiff's brief.

14

Because Plaintiff failed to show "some effort at developed argumentation" his arguments beyond the two addressed above "are deemed waived." *Layne*, 192 F.3d at 566-67 (citation omitted).

### F.  Conclusion

In conclusion, because the ALJ's decision is supported by substantial evidence and comports with applicable law, the undersigned must defer to his determination. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). Regardless of how the undersigned may view the evidence, it is not this Court's place to re-try or re-evaluate the findings of the ALJ. 42 U.S.C. § 405(g). Therefore, Plaintiff is not entitled to relief with regard to his challenge.

### IV.  ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

**H. Brent Brennenstuhl**
**United States Magistrate Judge**

September 19, 2025

Copies:  Counsel